**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RICHMOR AVIATION, INC.,**

         **Plaintiff,**

     **v.**           **1:16-CV-501**
                **(FJS/DJS)**

**ASSEMBLY POINT AVIATION, INC.,**

         **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **TABNER, RYAN & KENIRY LLP** | **WILLIAM RYAN, JR., ESQ.** |
| 18 Corporate Woods Boulevard | **BRIAN M. QUINN, ESQ.** |
| Albany, New York 12211-2605 | |
| Attorneys for Plaintiff | |
| **WHITEMAN OSTERMAN** | **JOHN H. HENRY, ESQ.** |
| **& HANNA LLP** | **ROBERT S. ROSBOROUGH, ESQ.** |
| 1 Commerce Plaza | |
| Suite 1900 | |
| Albany, New York 12260 | |
| Attorneys for Defendant | |

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Plaintiff Richmor Aviation, Inc. brings this case against Defendant Assembly Point Aviation, Inc. in connection with certain invoices related to services Plaintiff provided in connection with Defendant's aircraft. Plaintiff alleges five causes of action in its complaint, to wit (1) breach of contract, (2) unjust enrichment, (3) account stated, (4) promissory estoppel, and

(5) quantum meruit.  Plaintiff seeks $199,564.73, plus interest, in damages.  Currently pending before the Court is Defendant's motion to dismiss for failing to assert compulsory counterclaims under Rule 13(a)(1) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

For purposes of the present motion, the Court assumes the parties' familiarity with the circumstances of this case, the related case between them currently before this Court, and the history of their business relationship.  The Court further includes the following relevant background.

Each of the cases relevant to this motion generally concern business dealings arising out of Defendant's ownership of a Gulfstream IV aircraft ("Aircraft").  Plaintiff commenced the instant action in New York Supreme Court, Columbia County; and Defendant filed a notice of removal on May 29, 2016.  In particular, Plaintiff seeks payment of five invoices dated between September 4, 2012, and June 27, 2013.  The governing contract, executed on April 20, 2007 ("Management Agreement"), entitles Plaintiff to reimbursement for "fees and expenses associated with any service rendered by" Plaintiff, including "catering; in-flight entertainment materials; [and] ground transportation."  *See* Dkt. No. 1-1 at 18.  The Management Agreement further provides that Plaintiff was to bill Defendant on a monthly basis.  Each of these provisions remained unchanged from a prior version of the Management Agreement executed in 2001.

The Court found that this case was related to another lawsuit pending between the parties in this Court, *Assembly Point Aviation, Inc. v. Richmor Aviation, Inc.*, No. 13-CV-298 ("related case").  In the related case, Defendant Richmor Aviation, Inc. (Plaintiff in the instant case) filed

its answer on July 8, 2013, after the Court denied its motion to dismiss.  The answer asserted no

counterclaims.

### III. DISCUSSION

**A.  Legal standard**

Under Rule 13(a)(1) of the Federal Rules of Civil Procedure,

[a] pleading must state as a counterclaim any claim that--at the time of its service-
-the pleader has against an opposing party if the claim: (A) arises out of the
transaction or occurrence that is the subject matter of the opposing party's claim;
and (B) does not require adding another party over whom the court cannot acquire
jurisdiction.

Fed. R. Civ. P. 13(a)(1).

"The test for determining whether a counterclaim is compulsory is whether a logical

relationship exists between the claim and the counterclaim and whether the essential facts of the

claims are '"so logically connected that considerations of judicial economy and fairness dictate

that all the issues be resolved in one lawsuit."'"  *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991)

(quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1980)).

The factors most generally considered . . . as indicators of the compulsory nature
of a claim are: (1) identity of facts between original claim and counterclaim;
(2) mutuality of proof; (3) logical relationship between original claim and
counterclaim.  Although these factors or tests may be indicative in one sense or
another of the compulsory character of a counterclaim, no one of them is
conclusive, and should not be relied on exclusively.

*Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 811-12 (2d Cir. 1979).

This flexible approach to Rule 13 problems attempts to analyze whether
the essential facts of the various claims are so logically connected that
considerations of judicial economy and fairness dictate that all the issues be
resolved in one lawsuit. . . . Thus, precise identity of issues and evidence between
claim and counterclaim is not required. . . .

*Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978) (internal citations omitted).  "If a litigant

fails to raise a compulsory counterclaim as defined by Rule 13(a), [that party] is barred by the

doctrine of *res judicata* from raising it in a subsequent suit."  *Angell v. U.S. Army Corps of*

*Eng'rs*, 149 F. App'x 34, 36 (2d Cir. 2005) (citing *Critical-Vac Filtration Corp. v. Minuteman*

*Intern., Inc.*, 233 F.3d 697, 699 (2d Cir. 2000); *Speed Prods Co. v. Tinnerman Prods. Inc.*, 222

F.2d 61, 68 (2d Cir. 1955)).


**B.  Application to this case**

 Applying the above factors to the present case, the Court finds that the identity of facts

weighs in favor of finding that the claims at issue were not compulsory.  Although the parties are

the same, and each case generally concerns business dealings related to Defendant's Aircraft,

there is little additional factual similarity between the cases.

 In the related case, the central issue remaining for trial is whether the parties orally

modified the terms of a lease agreement.  *See Assembly Point*, No. 1:13-CV-0298, Dkt. No. 60.

In particular, the conduct at issue took place during an oral conversation between the parties in

2002 wherein it is alleged that they discussed modifying the terms of the lease agreement they

executed in 2001.  In this case, the conduct at issue transpired some eleven years later concerning

expenses Plaintiff incurred in connection with Defendant's use of the Aircraft.  Moreover,

Plaintiff in this case seeks to recover under the 2007 Management Agreement, a separate and

distinct contract.  Viewed together, all of these facts suggest that the claims at issue are not so

logically connected as to require resolution in the same lawsuit.

 With respect to mutuality of proof, this factor again weighs in favor of finding that the

claims were not compulsory.  Although it appears that many of  the same witnesses would testify

in both cases, again, the claims alleged in the instant case arise out of a different contract that was not in existence in 2002. Additionally, although resolving the instant claims necessarily involves evidence including invoices between the parties, these invoices are not the same as those at issue in the related case. Indeed, the present invoices are from several years later. For these reasons, the Court finds that this factor weighs in favor of finding that the instant claims were not compulsory in the related case.

Finally, the Court finds that the logical relationship between the original claims and the counterclaims weighs against finding the instant claims to be compulsory in the related case. As noted, although the instant claims concern the same parties, many of the same witnesses, and the same Aircraft generally, the conduct at issue in each case arises out of different contracts. Moreover, the core conduct at issue in each case is separated by a period of several years. Thus, the relationship between these claims is not so close as to require that they be resolved in the same action as those raised in the related case. Thus, in view of all the relevant factors, the Court finds that Plaintiff's claims in this case are not compulsory counterclaims in the related case between these parties. *See Federman*, 597 F.2d at 811-12. Accordingly, the Court denies this portion of Defendant's motion.

**C. Plaintiff's alternative theories of liability**

"Two claims are duplicative of one another if they 'arise from the same facts . . . and do not allege distinct damages.'" *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) (quoting *Sitar v. Sitar*, 50 A.D.3d 667, 670, 854 N.Y.S.2d 536, 538 (2d Dep't 2008)) (citation omitted). Moreover, "[u]nder New York law, '[t]he existence of a valid and enforceable written contract governing a particular subject . . . precludes recovery in quasi-

contract . . . .'" *Kimball Assocs., P.A. v. Homer Cent. Sch. Dist.*, No. 00-CV-897, 2000 WL 1720751, *8 (N.D.N.Y. Nov. 9, 2000) (quoting *Valley Juice Ltd. v. Evian Waters of France, Inc.*, 87 F.3d 604, 610 (2d Cir. 1996)) (citation omitted).  In this case, there is no indication that the 2007 Management Agreement is unenforceable.  Moreover, Plaintiff has not alleged any distinct damages beyond those associated with its breach-of-contract claim.  On these grounds alone, Plaintiff's authorities are distinguishable; and, for this reason, the Court finds that Plaintiff's unjust enrichment, quantum meruit, promissory estoppel, and account stated claims are duplicative of its breach-of-contract claim.  For these reasons, the Court dismisses these claims.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss, *see* Dkt. No 6, is **GRANTED in part** and **DENIED in part** in accordance with this Memorandum-Decision and Order; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Stewart for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: July 19, 2016
          Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge