UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHMOR AVIATION, INC.,

                          Plaintiff,                **ANSWER**

    -against-                           Civil Case No. 1:16-CV-501
                                                     (GTS/DJS)
ASSEMBLY POINT AVIATION, INC.,

                          Defendant.
_____

      Defendant Assembly Point Aviation, Inc. ("Defendant" or "Assembly Point"), by and through its attorneys, Whiteman Osterman & Hanna LLP, as and for its answer to Plaintiff Richmor Aviation, Inc.'s ("Plaintiff" or "Richmor") Complaint (the "Complaint") herein, states as follows:

    1.     Defendant admits that Plaintiff seeks to recover sums allegedly due for services allegedly performed and expenses allegedly paid on behalf of Defendant, denies knowledge or information sufficient to form a belief as to the truth of the amount allegedly owed, and otherwise denies the allegations set forth in Paragraph 1 of the Complaint.

THE PARTIES

    2.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

    3.     Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

## VENUE

4. Paragraph 4 of the Complaint alleges a conclusion of law to which no responsive pleading is required. Defendant defers to the Court for a determination as to the legal sufficiency of such allegations. To the extent the Court deems a response required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant denies the allegations set forth in Paragraph 5 of the Complaint.

## THE PARTIES' AGREEMENTS

6. Defendant admits that Plaintiff and Defendant entered an Aircraft Pilot and Management Services Agreement and an Aircraft Lease Agreement effective April 20, 2007. Defendant refers the Court to the documents referenced in Paragraph 6 of the Complaint for determination of their content, meaning and effect, and denies Plaintiff's characterization thereof to the extent it conflicts with the terms of the parties' agreements.

7. With respect to the allegations set forth in Paragraph 7 of the Complaint, Defendant refers the Court to the documents referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterization thereof to the extent it conflicts with the terms of the parties' agreements.

8. With respect to the allegations set forth in Paragraph 8 of the Complaint, Defendant refers the Court to the documents referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterization thereof to the extent it conflicts with the terms of the parties' agreements.

9. With respect to the allegations set forth in Paragraph 9 of the Complaint, Defendant refers the Court to the documents referenced therein for determination of their

content, meaning and effect, and denies Plaintiff's characterization thereof to the extent it conflicts with the terms of the parties' agreements.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

### Richmor's Performance and Breach

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12. With respect to the allegations set forth in Paragraph 12 of the Complaint, Defendant refers the Court to the documents referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterization thereof.  Defendant admits that it received invoices from Plaintiff during the term of the parties' contractual relationship and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant admits that it received invoices from Plaintiff during the term of the parties' contractual relationship, admits that it paid for all invoices it received before September 2012, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15. With respect to the allegations set forth in Paragraph 15 of the Complaint, Defendant refers the Court to the documents referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterization thereof.  Defendant admits that it did not submit payment to Plaintiff for certain invoices after September 2012 as a result of Plaintiff's breach of the parties' agreements and otherwise denies knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant admits that it did not submit payment to Plaintiff for certain invoices after September 2012 as a result of Plaintiff's breach of the parties' agreements, denies that it never objected to the requested payments, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant admits that it notified Plaintiff of the termination of the parties' business relationship in January 2013, admits that the parties' business relationship ended, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant admits that it did not submit payment to Plaintiff for certain invoices after September 2012 as a result of Plaintiff's breach of the parties' agreements, and otherwise denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
(Breach of Contract)

20. With respect to the individual allegations incorporated by reference in paragraph 20 of the Complaint, Defendant refers to and reincorporates herein its responses to each such individual allegation as set forth in the paragraphs above.

21. With respect to the allegations set forth in Paragraph 21 of the Complaint, Defendant refers the Court to the documents referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterization thereof to the extent it conflicts with the terms of the parties' agreements.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant admits that it did not submit payment to Plaintiff for certain invoices after September 2012 as a result of Plaintiff's breach of the parties' agreements, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Because the remaining allegations of the Complaint have been dismissed pursuant to the Memorandum-Decision and Order of this Court (Scullin, S. J.), dated July 19, 2016, Docket No. 20, no response is required for any of the allegations of Paragraphs 27 through 45 of the Complaint.

28. Defendant denies any and all allegations not expressly admitted herein.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

29. The Complaint is barred, in whole or in part, by the doctrine of waiver.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

30. The Complaint is barred, in whole or in part, by the doctrines of equitable and promissory estoppel, unclean hands, and laches.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

31. The Complaint is barred, in whole or in part, because Plaintiff failed to perform its obligations under the parties' agreements.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. The Complaint is barred, in whole or in part, because Plaintiff failed to perform a condition precedent to Defendant's performance under the parties' agreements.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33. The Complaint is barred, in whole or in part, by Plaintiff's anticipatory repudiation of the parties' agreements.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34. The Complaint is barred, in whole or in part, by Plaintiff's abandonment of the parties' agreements.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35. The Complaint is barred, in whole or in part, by Rule 13(a)(1) of the Federal Rules of Civil Procedure.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

36. The Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages.

Dated: September 16, 2016  
       Albany, New York

WHITEMAN OSTERMAN & HANNA LLP

By: */s/ John J. Henry*  
_____  
John J. Henry, Esq. (501744)  
Robert S. Rosborough IV, Esq. (516667)  
Attorneys for Defendant Assembly Point  
   Aviation, Inc.  
One Commerce Plaza  
Albany, New York 12260  
(518) 487-7600  
(518) 487-7777 (facsimile)  
jhenry@woh.com  
rrosborough@woh.com